IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARTIN E. FOUNTAIN,                :
       Plaintiff,              :
       v.                       : Civ. No. 15-526-LPS
WARDEN DAVID PIERCE, et al.,       :
       Defendants.             :

Martin E. Fountain, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 1, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Martin E. Fountain ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action as a motion for injunctive relief. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The Court construes the motion for injunction as a complaint alleging violations of Plaintiff's right to due process.[1] Plaintiff was at work on May 29, 2015, when he was told by his supervisor to return to his building. Once there, Plaintiff was instructed to "pack up" because he was being transferred to the MHU (*i.e.*, Medium-High Housing Unit).[2] Five days later, on June 2, 2015, an emergency administrative classification hearing was held, and Plaintiff was reclassified to the SHU (*i.e.*, Security Housing Unit). As of the date Plaintiff initiated this action, he had not been served with any disciplinary action paperwork or advised of the progress or results of the investigation. Plaintiff alleges that he was transferred from minimum security without notice and without being charged with disciplinary misconduct and was placed in maximum security in violation of his right to due process. He seeks restoration of all constitutional liberties (including religious and educational programming and contact visits), the return to minimum security housing, and the return to his employment with back pay.

---

[1] The Court will direct the Clerk of Court to indicate on the court docket that D.I. 1 is a complaint.

[2] It is not clear if Plaintiff was transferred to MHU or SHU. He describes a transfer to the Maximum Security Housing Unit, but uses the abbreviation for MHU.

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

To state a claim for a violation of the Due Process Clause, Plaintiff must allege that the "restraints at issue exceed the prisoner's sentence 'in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force' and do not violate any other constitutional provision." *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "Because disciplinary detention and administrative segregation are the sorts of confinement that inmates should reasonably anticipate receiving at some point in their incarceration . . . transfer to less amenable and more restrictive quarters [does] not implicate a liberty interest protected by the Due Process Clause." *Id.* (quotation marks and alterations removed).

Here, there are no allegations that Plaintiff has been denied any of life's necessities while being held in administrative segregation or that his short time there (as of the date he filed the complaint it was approximately twenty days) is atypical of the disciplinary housing that a prisoner would reasonably anticipate receiving at some point during his incarceration. *Cf. Williams v. Armstrong*, 566 F. App'x 106, 108 (3d Cir. May 6, 2014) (112 days in restricted housing does not implicate Due Process Clause); *Torres*, 292 F.3d at 151 (15 days in disciplinary detention and 120 days in administrative segregation did not implicate a protected liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (15 months in administrative segregation does not implicate Due Process Clause).

Similarly, Plaintiff's claims related to his custody level and loss of employment are not cognizable under the Eighth Amendment or Due Process Clause. *See, e.g., Padilla v. Beard*, 206 F. App'x 123, 125 (3d Cir. Nov. 16, 2006), as amended (Jan. 25, 2007) ("Restriction from employment and prison programs are among the conditions of confinement that Padilla should reasonably anticipate during his incarceration; thus, application of the H-Code policy does not implicate a

4

liberty interest protected by the Due Process Clause."); *Mimms v. U.N.I.C.O.R.*, 2010 WL 415318, at *4 (D.N.J. Jan. 29, 2010) *aff'd*, 386 F. App'x 32 (3d Cir. July 13, 2010) ("Plaintiff's employment-related allegations do not state a claim: prisoners have no protected liberty or property interest in retaining prison employment.").

Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V.   CONCLUSION

For the above reasons, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds amendment futile.

An appropriate order will be entered.